**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) |
| v. | ) |
| | ) I.D. No. 2306008594 |
| CHARLES PITTS | ) |
| | ) |
| Defendant. | ) |

Date Submitted: July 15, 2024
Date Decided: July 30, 2024

*Upon Defendant's Motion for Modification of Sentence: **DENIED.***

***Background***

1.      In February 2024, Charles Pitts ("Pitts") pled guilty to Manslaughter and DUI of Drugs.  On May 17, 2024, he was sentenced on the Manslaughter charge as follows: 15 years at Level V suspended after 3 years (2 years of which is mandatory), for 1 year at Level IV DOC Discretion; Level IV is suspended upon successful completion of recommended treatment and if no treatment is recommended, Level IV will be suspended immediately after evaluation; followed by 2 years of Level III probation.  On the DUI of Drug charge, Pitts was sentenced to 1 year of Level V, suspended for 1 year at Level III probation.

2.      On July 15, 2024, Pitts filed a Motion for Modification of Sentence (the "Motion").[1]  In the Motion, Pitts requests that his 1 year of Level IV time be modified

---

[1] D.I. 28.

1

to 2 years at Level III probation. The grounds for his request are that the Level IV portion of his sentence will hinder his re-entry because he: cannot take advantage of certain programs he feels will be beneficial to him; would not be permitted to return to Maryland where he could take advantage of treatment for his health conditions; and has a support system in Maryland.

***Standard of Review***

3. Superior Court Criminal Rule 35(b) provides that the Court "may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed." The Court will consider a Rule 35(b) motion after the 90-day period "only in extraordinary circumstances" or when the DOC has filed a motion pursuant to 11 *Del. C.* § 4217. Under Rule 35(b), the Court may consider reducing the term or conditions of partial confinement or probation at any time.

4. Rule 35(b) further provides that the Court "will not consider repetitive requests for reduction of sentence." The bar to considering repetitive requests for modification of a sentence is absolute.[2] This procedural bar applies even when the

---

[2] *State v. Burton*, 2020 WL 3057888, at *2 (Del. Super. June 5, 2020) (The bar to considering repetitive motions has no exceptions). *See also Jenkins v. State*, 954 A.2d 910 (TABLE), 2008 WL 2721536, at *1 (Del. July 14, 2008) (affirming the Superior Court's denial of defendant's Rule 35(b) motion for modification where Rule 35(b) "prohibits the filing of repetitive sentence reduction motions."); *Morrison v. State*, 846 A.2d 238 (TABLE), 2004 WL 716773, at *2 (Del. Mar. 24, 2004) (finding that defendant's Rule 35(b) motion for modification "was repetitive, which also precluded its consideration by the Superior Court.").

subsequent motion requests a reduction or modification of a term of partial confinement or probation.[3]

5.      Rule 35(b) relief is subject to the Court's sound discretion.[4] While the Rule does not set forth specific criteria that must be satisfied to obtain relief, "common sense dictates that the Court may modify a sentence if present circumstances indicate that the previously imposed sentence is no longer appropriate."[5]

*Analysis*

6.      Pitts' Motion was filed within 90 days of his sentencing and it was his first motion. Thus, he is not procedurally barred.

7.      Pitts seeks a modification to remove the Level IV time in his sentence. His sentence, however, was carefully crafted to assess Pitts' needs at the time he is prepared to be released from Level V custody. The Department of Corrections is in the best position to assess at that time, Pitts' needs. Accordingly, Pitts' sentence remains appropriate. Therefore, the Motion is DENIED.

**IT IS HEREBY ORDERED.**

/s/Kathleen M. Miller
Judge Kathleen M. Miller

---

[3] *Id.*

[4] *State v. Bailey*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017); *Mapp v. State*, 314 A.3d 663 (TABLE), 2024 WL 707143 (Del. Feb. 20, 2024).

[5] *Id.* (citing *State v. Johnson*, 2006 WL 3872849, at *3 (Del. Super. Dec. 7. 2006)).

Original to Prothonotary

cc:    Barzilai Axelrod, Deputy Attorney General
       Charles Pitts, SBI# 00260043